This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellee,

v.                                          NO. A-1-CA-37126

**STEVE GEORGE MARTINEZ,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina Pete Argyres, District Judge**

Hector H. Balderas, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly M. Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1} Defendant Steve George Martinez appeals from the district court's judgment and sentence, entered pursuant to a jury trial, convicting him for aggravated DWI (eighth or subsequent offense), two counts of resisting, evading or obstructing an officer, and reckless driving. Unpersuaded that the docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant responded to our notice with a memorandum in opposition and a motion to amend the docketing statement to add two double jeopardy challenges to his convictions. We issued a second notice and granted the motion to amend to add one of Defendant's challenges and proposed to reverse in part and remand for the district court to vacate one of Defendant's convictions for resisting, evading or obstructing an officer for violation of double jeopardy. We were unpersuaded by Defendant's remaining arguments and again proposed to affirm as to all of Defendant's original issues.

{2} The State has filed a response to our second notice, informing the Court that it will not be opposing our proposal to reverse and remand for the district court to vacate one of Defendant's convictions for resisting, evading or obstructing an officer. Defendant has filed a second memorandum in opposition. We have considered this response, and remain unpersuaded as to Defendant's original issues. We affirm in part,

reverse in part, and remand for the district court to vacate one of Defendant's convictions for resisting, evading or obstructing an officer.

**Double Jeopardy**

{3}     We agree with Defendant that his convictions for two counts of resisting, evading, or obstructing an officer under different subsections of the statute violate double jeopardy under the "double description" line of cases, based on this Court's opinion in *State v. LeFebre*, 2001-NMCA-009, ¶¶ 16-23, 130 N.M. 130, 19 P.3d 825. [1 MIO 4-9] In *LeFebre*, we held that the defendant's refusal to stop his vehicle when directed to do so by officers, his failure to safely exit the highway and the ensuing car accident, in addition to his subsequent act of exiting his vehicle and fleeing on foot, constituted unitary conduct with the singular purpose of evading officers. *Id.* ¶ 18.

{4}     In the current case, Defendant was convicted for having violated the same statutory subsections of the offense of resisting, evading or obstructing an officer as was the defendant in *LeFebre*. *Id.* ¶ 20; *see* NMSA 1978, § 30-22-1(B) and (C) (1981). [RP 86-87] The officer named in the jury instructions is Jason Brown; [RP 86-87] thus, we look at Defendant's actions with respect to Officer Brown to determine whether Defendant's charged conduct was unitary. *See State v. Silvas*, 2015-NMSC-006, ¶ 10, 343 P.3d 616 (looking to the state's presentation of the evidence to the jury through argument and jury instructions to determine whether it relied on the same

3

conduct to support the offenses). Defendant refused to pull over after Officer Brown signaled him to do so, [1 MIO 7] and Defendant fled in his vehicle after having his tires flattened, and continued to drive on his rims, then stopped the truck, and ran away on the highway, in a constant attempt to flee from police. [DS unnumbered 3-4] We see no material distinction between the actions of Defendant and the actions of the defendant in *LeFebre* that would warrant a different conclusion as to the unitariness of Defendant's conduct than that reached in *LeFebre*. 2001-NMCA-009. *See id.* ¶ 18 (holding that the defendant's "actions can only be reasonably deemed to constitute unitary conduct" and rejecting the State's reasoning that his "failure to successfully negotiate an exit from the interstate highway and his ensuing automobile accident constitute an intervening event that ended the [d]efendant's first act contrary to Section 30-22-1—his refusal to stop his vehicle when directed to do so by officers—and began a second act that is contrary to the statute, the evasion of the officers on foot").

{5}     In applying a modified strict elements test to determine whether the Legislature intended to impose multiple punishments for this unitary conduct, in *LeFebre*, we looked at the elements in Section 30-22-1(B) and (C) and the jury instructions and concluded that the State's legal theory was simply that the defendant was attempting

4

to evade the police officers. *LeFebre*, 2001-NMCA-009, ¶¶ 20-23. The jury instructions in the current case [RP 86, 87] mirror the instructions in *LeFebre*. *Id.* ¶ 22. Thus, the State's theory in the current case also was simply that Defendant was attempting to evade the police officer. Because this case is materially indistinguishable from *LeFebre*, the same result is required. We therefore reverse and remand to the district court to vacate one of Defendant's convictions for resisting, evading or obstructing an officer for violation of double jeopardy.

{6}     We note that, in his second memorandum in opposition, Defendant has re-raised the other double jeopardy argument that was presented in his motion to amend the docketing statement. [2 MIO 2-3] We have already denied the motion to amend to add this issue. We treat Defendant's attempt to argue the issue again as a motion for rehearing, and deny it.

**Show-Up Identification**

{7}     Defendant maintains that the district court erred by denying the suppression of Officer Frazier's show-up identification of Defendant, but makes no responsive argument to our second notice. [2 MIO 4; 1 MIO 12-17] As we have stated, Officer Frazier's show-up identification of Defendant was not necessary to establish Defendant's identity, in light of the testimony of Officers Brown, Frazier, and Luthi and the circumstances that flowed from Defendant driving through the DWI

checkpoint. For the reasons provided in our previous notices, we hold that Defendant's convictions were unattributable to Officer's Frazier's identification of Defendant at the DWI checkpoint, given the information known to the testifying officers and Officer Brown's and Officer Luthi's personal observations of Defendant. *Cf. State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 (stating that a constitutional error is harmless only "when there is no reasonable *possibility* it affected the verdict." (internal quotation marks and citation omitted)); *id.* ¶ 43 (stating that in determining "the likely effect of the error, courts should evaluate all of the circumstances surrounding the error. This requires an examination of the error itself, which [may] . . . include an examination of the source of the error and the emphasis placed upon the error."). On these grounds, we hold that Defendant has not demonstrated reversible error in the district court's denial of his motion to suppress the evidence.

**Sufficiency of the Evidence**

{8} Defendant continues to argue that the circumstantial evidence was insufficient to support his conviction for aggravated DWI. [2 MIO 4; 1 MIO 17-18] Again, Defendant does not raise any responsive argument to our second notice.

{9} As we have previously stated in this case, to the extent that Defendant's challenge to the sufficiency of the evidence focuses on the identification of him as the

6

person who drove through the DWI checkpoint, we disagree that the evidence insufficiently identified Defendant based on the testimony of the officers, which shows that Defendant was continuously observed from the DWI checkpoint to his ultimate capture. The evidence established that Defendant fled the DWI checkpoint, fled after having his tires flattened, drove on his rims, stopped the truck, and ran away on the highway, in a constant attempt to flee from police. [DS unnumbered 3-4] This evidence of the extreme efforts Defendant took to avoid contact with police and capture supports an inference of a consciousness of guilt. *See, e.g.*, *State v. Morales*, 2002-NMCA-052, ¶ 31, 132 N.M. 146, 45 P.3d 406, *overruled on other grounds by Tollardo*, 2012-NMSC-008, ¶ 37 n.6. Also, a search of Defendant's truck revealed several beer cans in the backseat. [DS unnumbered 4] After his arrest, Defendant refused to submit to a breath test. [DS unnumbered 4] *See State v. Marquez*, 2009-NMSC-055, ¶ 16, 147 N.M. 386, 223 P.3d 931 (noting that a jury can reasonably infer consciousness of guilt from defendant's refusal to submit to a breath test), *overruled on other grounds by Tollardo*, 2012-NMSC-008, ¶ 37 n.6; NMSA 1978, Section 66-8-102(D)(3) (2016) ("Aggravated driving under the influence of intoxicating liquor or drugs consists of . . . refusing to submit to chemical testing, as provided for in the Implied Consent Act, . . . and in the judgment of the court, based

upon evidence of intoxication presented to the court, the driver was under the influence of intoxicating liquor or drugs."

{10}     Viewing the evidence in the light most favorable to the verdict and indulging in all reasonable inferences, we hold that evidence was sufficient to support Defendant's conviction for aggravated DWI. *See State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (stating our standard of review for assessing the sufficiency of the evidence).

**CONCLUSION**

{11}     For the reasons stated in this opinion and in our previous notices, we affirm in part, reverse in part, and remand for the district court to vacate one of Defendant's convictions for resisting, evading or obstructing an officer for violation of double jeopardy.

{12}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**HENRY M. BOHNHOFF, Judge**